IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                    :          CASE NO. 12-09036 (ESL)

                       :

DAVID ROMAN RIVERA        :

MADELINE QUIÑONES COLON    :          CHAPTER 7

                       :

     Debtors                 :

_____ :

OPINION AND ORDER

       This case is before the court upon the Chapter 7 Trustee's *Amended Objection to Claimed Exemptions* (the "*Objection*", Docket No. 23) and the Debtors' *Response* thereto (Docket No. 26). The Chapter 7 Trustee objects to several claimed exemptions under Puerto Rico law[1] and requests the turnover of certain amounts and/or the surplus not allowed under certain exemption statutes. The Debtors contend the claimed exemptions are proper. For the reasons stated below, the Chapter 7 Trustee's *Objection* is granted in part and denied in part.

Procedural Background

       The Debtors filed their voluntary bankruptcy petition on November 9, 2012 (Docket No. 1). In *Schedule C*, they claimed the following exemptions under Puerto Rico law (Docket No. 1, p. 17):

| Property | Legal grounds | Value of exemption |
|---|---|---|
| Primary residence | PR Act No. 195 enacted on September 13, 2011, as amended | $130,000 |
| Stove $200; Refrigerator $600; Microwave $150; Kitchen Utensils $40; Dinnerware $30; Cookware $30 | 32 L.P.R.A. § 1130(14) | $1,050 |
| Washer and Dryer | 32 L.P.R.A. § 1130(14) | $200 |
| Living Room Set $100; Bedroom Set $100; Chest and Nightstands $150 | 32 L.P.R.A. § 1130(2) | $350 |
| Dinning Room Set $100; Tables and Chairs $50 | 32 L.P.R.A. § 1130(1) | $150 |

---

[1] The Debtors claim one exemption under Section 522(b)(3)(C) of the Bankruptcy Code, which may be claimed even when debtors elect state and other nonbankruptcy exemptions. See Subsection (I) of the instant *Opinion and Order*, *infra*.

| | | |
|---|---|---|
| Television Set $300; DVD Player $30; TV Sound System $100 | 32 L.P.R.A. § 1130(14) | $430 |
| Mobile Phone $75; Computer $100; Printer $25 | 32 L.P.R.A. § 1130(14) | $200 |
| Personal Clothes, Shoes, Jewelry and Other Apparel | 32 L.P.R.A. § 1130(2) | $440 |
| Undefined Benefit From Marriott San Juan Retirement Plan | 25 L.P.R.A. § 383 | $1 |
| 1993 Nissan Pathfinder | 32 L.P.R.A. § 1130(6) | $897 |
| 2005 Mitsubishi Montero | 32 L.P.R.A.§ 1130(6) | $375 |
| **TOTAL** | | **$134,093** |

On February 15, 2013, the Chapter 7 Trustee filed her *Objection* to Debtors' claimed exemptions (Docket No. 23). She sustains that the Debtors have not demonstrated compliance with Articles 11 and 12 of Puerto Rico's Home Protection Act No. 195 enacted on September 13, 2011 (the "2011 PR Home Protection Act") and therefore the homestead exemption must be denied. In regards to the stove, microwave, kitchen utensils, dinnerware and cookware, the Chapter 7 Trustee avers that 32 L.P.R.A. § 1130(14) does not include those specific exemptions. As to the living room set, bedroom set, chest, nightstands, dining room set, tables, chairs and television set, the Chapter 7 Trustee argues that the claimed amounts exceed the ones allowed in the pertinent Puerto Rico statutes, which warrants the exemption to be disallowed or have the excess value turned over to the bankruptcy estate. The Chapter 7 Trustee further contends that the DVD Player, sound system, mobile phone, computer or printer are not expressly allowed in 32 L.P.R.A. § 1130(14), that the Debtors did not sufficiently detail the wearing apparel they claimed exempt, and that they did not prove that the motor vehicles constitute a working tool, especially since they are retired and receiving retirement pensions. Finally, in regards to the interests the Debtors claim in the Marriott San Juan Retirement Plan, the Chapter 7 Trustee argues that the benefits in 25 L.P.R.A. § 383 are reserved for pensions for disability or death in the line of duty in regards to State Internal Security and that the Debtors have not established that the proceeds of such retirement plan fit its legislative purpose. Thus, the Chapter 7 Trustee seeks the turnover of Debtors' funds in the 401(k) plan.

On March 13, 2013, the Debtors filed an *Amendment to Schedules* to "correct exemptions"

(Docket No. 25).  The only "correction" was changing the legal grounds on the Debtors' benefit from the Marriott San Juan Retirement Plan from 25 L.P.R.A. § 383 to 11 U.S.C. § 522(b)(3)(C).

Thus, in their new amended *Schedule C,* Debtors claim the following exemptions and values:

| Property | Legal grounds | Value of exemption |
|---|---|---|
| Primary residence | PR Act No. 195 enacted on September 13, 2011, as amended | $130,000 |
| Stove $200; Refrigerator $600; Microwave $150; Kitchen Utensils $40; Dinnerware $30; Cookware $30 | 32 L.P.R.A. § 1130(14) | $1,050 |
| Washer and Dryer | 32 L.P.R.A. § 1130(14) | $200 |
| Living Room Set $100; Bedroom Set $100; Chest and Nightstands $150 | 32 L.P.R.A. § 1130(2) | $350 |
| Dinning Room Set $100; Tables and Chairs $50 | 32 L.P.R.A. § 1130(1) | $150 |
| Television Set $300; DVD Player $30; TV Sound System $100 | 32 L.P.R.A. § 1130(14) | $430 |
| Mobile Phone $75; Computer $100; Printer $25 | 32 L.P.R.A. § 1130(14) | $200 |
| Personal Clothes, Shoes, Jewelry and Other Apparel | 32 L.P.R.A. § 1130(2) | $440 |
| Undefined Benefit From Marriott San Juan Retirement Plan | 11 U.S.C. § 522(b)(3)(C) | $1 |
| 1993 Nissan Pathfinder | 32 L.P.R.A. § 1130(6) | $897 |
| 2005 Mitsubishi Montero | 32 L.P.R.A.§ 1130(6) | $375 |
| **TOTAL** | | **$134,093** |

On March 14, 2013, the Debtors filed a *Response to [the Chapter 7] Trustee's Objection* (Docket No. 26).  In regards to the personal exemptions claimed under 32 L.P.R.A. § 1130(14) for the stove, kitchen utensils, dinnerware and cookware, the Debtors sustain that under the liberal interpretation in which Puerto Rico case law has construed exemptions, the term "home-use kitchens" includes these kitchen items.  As to the amounts of the exemptions claimed over the living

3

room set, bedroom set, chest and nightstands, dining room set, tables and chairs, the Debtors sustain that they can each claim the full amount afforded in the relevant Puerto Rico statutes because they are two joint debtors. The Debtors also argue that the television set, stereo equipment and DVD Player were also correctly claimed under 32 L.P.R.A. § 1130(14) because although not expressly mentioned in the statute, they have an intrinsic resemblance to the property allowed as exempt therein, and thus they should be meant to be included in the exemption scheme. The Debtors further contend that the wearing apparel and jewelry exemption under 32 L.P.R.A. § 1130(2) is limitlessly exempted and therefore whether the property is specifically detailed or not, it is completely exempted regardless. As to the 2005 Mitsubishi Montero and the 1993 Nissan Pathfinder, the Debtors assert that although 32 L.P.R.A. § 1130(6) does not expressly exempt "motor vehicles", Puerto Rico's Supreme Court has ruled that a liberal construction of the statute must include motor vehicles. In regards to the Marriott San Juan Retirement Plan, the Debtors allege that because they changed the legal grounds in their amended *Schedule C* to 11 U.S.C. § 522(b)(3)(C) the Chapter 7 Trustee's objection has become moot. Finally, the Debtors aver that their homestead right was properly claimed because they executed the homestead deed prior to filing their bankruptcy petition, although the real property is not registered in favor of the Debtors' at the Property Registry.

No further replies were filed.

Applicable Law and Analysis

*(A)    Exemptions in General*

When a debtor files a bankruptcy petition, all of his/her/its assets become property of the bankruptcy estate [11 U.S.C. § 541] subject to the debtor's right to reclaim certain property as exempt under 11 U.S.C. § 522. See Taylor v. Freeland & Kronz, 503 U.S. 638, 642 (1992). A property becomes exempt by operation of law when no objections are filed. See 11 U.S.C. § 522(l). But the mere fact that debtors claim an exemption does not necessarily mean that they are entitled to it, since there must be compliance with statutory requirements and then an order that effect. See 9A Am. Jur. 2d Bankruptcy § 1392; In re Gutierrez Hernández, 2012 Bankr. LEXIS 2735 at *8, 2012 WL 2202931 at *2 (Bankr. D.P.R. 2012); In re Rolland, 317 B.R. 402, 412 (Bankr. C.D.Cal. 2004); In re Colvin, 288 B.R. 477, 483 (Bankr. E.D.Mi. 2003); Carlucci & Legum v. Murray (In re

4

Murray), 249 B.R. 223, 230 (E.D.N.Y. 2000). Exemptions should be liberally construed in furtherance of the debtor's right to a "fresh start". In re Gutierrez Hernández, 2012 Bankr. LEXIS 2735 at *5, 2012 WL 2202931 at * 2; In re Newton, 2002 Bankr. LEXIS 2089 at *7, 2002 WL 34694092 at *3 (B.A.P. 1st Cir. 2002); Christo v. Yellin (In re Christo), 228 B.R. 48, 50 (B.A.P. 1st Cir. 1999). A "fresh start", however, does not translate to a "head start". In re Goldberg, 59 B.R. 201, 208 (Bankr. N.D. Okla. 1986). "The basis for exemption laws is that by providing a debtor to retain a minimum level of property, the debtor and his or her family will not be completely destitute and thus a burden to society." Id. at 208.

*(B)        How to Claim Exemptions under 11 U.S.C. § 522*

"In order to be effective, a debtor must specifically describe the property claimed as exempt and inform the value." In re Gutierrez Hernández, 2012 Bankr. LEXIS 2735 at *5, 2012 WL 2202931 at * 2. Also see Nancy C. Dreher and Joan N. Feeney, Bankruptcy Law Manual, Volume 1 § 5:43 (2012-2), p. 1015. Thus, a debtor is required to list the property claimed as exempt on the schedule of assets that must be filed with the bankruptcy petition. See 11 U.S.C. § 522(l); Fed. Rs. Bankr. P. 1007(b), 1007(I)(b) & 4003. A party in interest or the trustee may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under 11 U.S.C. § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. Fed. R. Bank. P. 4003(b)(1). If an interested party fails to object to a claimed exemption within the time allowed, the subject property will be excluded from the bankruptcy estate even if the exemption's value exceeds the statutory limits. 11 U.S.C. § 522(l); Taylor v. Freeland & Kronz, 503 U.S. 638, 643-644 (1992). In the instant case, there is no dispute that the Chapter 7 Trustee's *Objection* is timely.

In Schwab v. Reilly, 130 S.Ct. 2652, 2668 (2010), the Supreme Court held that the time limits for objecting to an exemption do not apply if the claimed exemption is "valid on its face". Schwab's analysis rests on the determination that Section 522(a)(3)(B) defines the "'property' a debtor may 'clai[m] as exempt' as the debtor's 'interest' –up to a specified dollar amount– in the assets described in the category, not as the assets themselves." Id. at 2661-2662 (citations omitted). Under the Schwab doctrine, treating the entries as exemptions of an in-kind interest would violate

5

the Bankruptcy Code's limits and fail to account for the distinction between exemptions that include a monetary cap and those that allow debtors to exempt property regardless of value. Id. at 2663, n.10. Thus, Schwab mandates that exemptions be claimed "in a manner that makes the scope of the exemption clear". Id. at 2668. In Massey v. Pappalardo (In re Massey), 465 B.R. 720 (B.A.P. 1st Cir. 2012), the debtor did not assign a monetary value to the claimed exemption for his car and residence in their *Schedule C*, but rather claimed "100% of FMV [Fair Market Value]". Id. at 721. The Trustee timely challenged those claimed exemptions alleging that they were improper. Id. at 722. The Massey court adopted the analysis in In re Salazar, 449 B.R. 890 (Bankr. N.D.Tx. 2011), where the court posed two possible solutions to dealing with this type of claimed exemptions. First, the court may hold an evidentiary hearing on the value of the debtor's exemptions. At such a hearing, the debtor has the initial burden of showing a plausible basis for the claim that "100% of FMV" of an asset falls within the statutory limit on the amount that may be exempted under Section 522. In accordance with Schwab, if the objection is overruled, the asset claimed will no longer be part of the estate, but if the objection is sustained, the debtor must forfeit the value in excess of the statutory allowance. The second approach is for the court to "simply declare that an objection to an exemption claim of '100% of FMV' is a facially valid objection because the debtor has failed to claim a set amount as contemplated by the exemption statute allowing the exemption." Salazar, 449 B.R. at 897. In this situation, the court will sustain the objection "unless the debtor amends his exemptions to claim a dollar amount for his exempt interest in the property." Id. at 897. The Salazar court adopted this approach [Id. at 902], and the Massey court held that said approach "best recognizes the reasoning in Schwab". Massey, 465 B.R. at 728. Under either scenario, Fed. R. Bankr. P. 4003(c) mandates that "the objecting party has the burden of proving that the exemptions are not properly claimed."

"In any event, the debtor should clearly describe the object and its value especially where the statute limits the dollar amount of the exception, or where the debtor owns more than one of the objects." Jay M. Zitter, J.D., Jewelry and Clothing as Within Debtor's Exemptions Under State Statutes, 44 A.L.R. 6th 481, § 3 (2008).

*(C)      Exemptions when Co-Debtors File a Joint Bankruptcy Petition*

"In joint cases, Section 522 [of the Bankruptcy Code] applies separately to each debtor pursuant to subsection (m), subject to the limitation set forth in subsection (b), which was added by the 1984 amendments to the Code."  Allan N. Resnick and Henry J. Sommes, 4 Collier on Bankruptcy, ¶ 522.04[5] (16th ed. 2013).  Also see In re Gentile, 483 B.R. 50, 54 (Bankr. D. Mass. 2012).  Notwithstanding, "[w]henever a husband and wife both become debtors under the Code through voluntary or involuntary proceedings, and their cases are jointly filed and jointly administered, they must both elect the same 'slate' of exemptions", meaning that "if one spouse elects the federal Code exemptions, the other spouse must also elect federal exemptions".  Allan N. Resnick and Henry J. Sommes, 4 Collier on Bankruptcy, ¶ 522.04[6] (16th ed. 2013).

*(D)      Exemptions Claimed on Stove, Microwave, Kitchen Utensils, Dinnerware and Cookware*

The Debtors claim exemptions on the stove, microwave, kitchen utensils, dinnerware and cookware under 32 L.P.R.A. § 1130(14).  The Chapter 7 Trustee objects to these exemptions alleging that "there is no mention in [that statute] as to a stove, microwave, kitchen utensils, dinnerware or cookware" and therefore they must be disallowed (Docket No. 23, p. 4).  The Debtors contend that "kitchen items utilized for home-use are exempt", that 32 L.P.R.A § 1130(14) "exempts common iceboxes (refrigerators) expressly designed for 'home use' and wash machines 'for home uses'", and that under Puerto Rico case law "statutes exempting certain properties from execution are remedial in character [which] must be construed liberally in favor of the debtor" (Docket No. 26, pp. 2-3).

Article 249(14)[2] of Puerto Rico's Code of Civil Procedure provides as follows:

> In addition to the homestead exempted by the Homestead Law, the following property belonging to an actual resident of this Commonwealth of Puerto Rico shall be likewise exempted from execution, except as herein otherwise provided:
> ...
> (14) Common iceboxes expressly designed and commercially known for home use;

---

[2] As of the date this *Opinion and Order* was drafted, there is a pending Bill filed by Puerto Rico's House of Representatives (P. de la C. 356) to amend Article 249 of Puerto Rico's Code of Civil Procedure to increase the value of the exemptions afforded therein and update the types of properties exempted.  The Bill was filed on January 4, 2013 and referred to the Commission of Legal Affairs on January 17, 2013, where it is still pending.  See *http://www.oslpr.org*.

home-use kitchens; wash machines for home use whose cash price does not exceed two hundred (200) dollars; radio receiving sets whose cash price does not exceed one hundred (100) dollars; television sets for home use whose cash price does not exceed two hundred and fifty (250) dollars per unit, and electric irons for home use, are likewise exempted from attachment and execution. 32 L.P.R.A § 1130(14).

Puerto Rico's Supreme Court has ruled that the exemptions afforded in Article 249 of Puerto Rico's Code of Civil Procedure are repairing in nature, and thus its statutes must be construed in the most liberal light to effectuate the humanitarian purpose of the lawmaker. Laguna v. Quiñones, 23 P.R.R. 358, 360-361, 23 D.P.R. 386, 389 (1916). "[E]ven if any doubt [regarding exemptions] could be harbored ... the doubt should be resolved in favor of the exemption." Quintana v. Superior Court, 104 P.R. Off. Trans. Part I 26, 28, 104 D.P.R. 18, 20 (1975). It then follows that the terms "tools or implements" and "other equipment" used in 32 L.P.R.A. §§ 1130(4) and (6), respectively, are applicable to include properties that would otherwise be excluded under a strict technical interpretation. Laguna v. Quiñones, 23 P.R.R. at 361, 23 D.P.R. at 389; Quiñones v. Gutierrez, 29 P.R.R. 718, 722-723, 29 D.P.R. 772, 777 (1921).

Pursuant to the liberal trend upon which Puerto Rico exemptions must be construed, the court finds that the Debtors' claimed exemptions on the stove, kitchen utensils, dinnerware and cookware are comprised in the term "home-use kitchens" in 32 L.P.R.A. § 1130(14) up to the amount of $200 for each co-debtor, for a total of $400. Consequently, those exemptions are allowed.

*(E)* *Exemptions Claimed on the Living Room Set, Bedroom Set, Chest and Nightstands*

In the instant case, each co-debtor claims as exempt the living room set ($100), bedroom set ($100), chest and nightstands ($150) under 32 L.P.R.A § 1130(2). The Chapter 7 Trustee objects because the total amounts exceed the ones allowed in the statute.

Article 249(2) of Puerto Rico's Code of Civil Procedure provides as exempt:

Necessary household, table and kitchen furniture belonging to the judgment debtor, including one sewing machine in actual use in the family, or belonging to a woman, and stove, furniture, beds, bedding and bedsteads, not exceeding in value two hundred (200) dollars, wearing apparel, hanging pictures, oil paintings and drawings, drawn or painted by any member of the family, and family portraits and their necessary frames, provisions actually provided for individual or family use sufficient for one month; one cow with her suckling calf, and one hog with her suckling pigs. 32 L.P.R.A. § 1130(2).

Article 249(2), *supra*, does not provide a monetary cap on living room sets, chests or nightstands. The $200 cap established therein only applies to "bedding and bedsteads". The only

limitation on the exemptions of the remaining properties in Article 249(2), *supra,* is that the they be "necessary". Because the case at bar is a joint petition, each co-debtor is entitled to claim his/her own exemptions under 11 U.S.C. § 522(m). Consequently, the court finds that the exemptions claimed on the living room set, chest and nightstands are reasonable within the "necessary" scope required in 32 L.P.R.A. § 1130(2) and are therefore allowed.

*(F)     Exemptions Claimed on the Dining Room Set, Tables and Chairs*

Each co-debtor claims as exempt the dining room set ($100), tables and chairs ($50) under 32 L.P.R.A § 1130(1). The Chapter 7 Trustee objects because the total amounts exceed the ones allowed in the statute.

Article 249(1) of Puerto Rico's Code of Civil Procedure provides as exempt:

Chairs, tables, desks and books, to the value of one hundred (100) dollars, belonging to the judgment debtor.  32 L.P.R.A. § 1130(1).

Because the case at bar is a joint petition, each co-debtor is entitled to claim his/her own exemptions under 11 U.S.C. § 522(m). Consequently, the amounts claimed for those exemptions do not exceed the limits of the statute and are therefore allowed.

*(G)     Exemptions Claimed on the Television Set, DVD Player, Sound System, Mobile Phone, Computer and Printer*

The Debtors claim as exempt the television set ($300), stereo equipment ($100), DVD Player ($30) mobile phone ($75), computer ($100) and printer ($25) under 32 L.P.R.A. § 1130(14). The Chapter 7 Trustee objects alleging that, except for the TV Set, for which a total value is set at $250, the remaining properties are not expressly mentioned in that statute.

Article 249(14) of Puerto Rico's Code of Civil Procedure provides as exempt:

Common iceboxes expressly designed and commercially known for home use; home-use kitchens; wash machines for home use whose cash price does not exceed two hundred (200) dollars; radio receiving sets whose cash price does not exceed one hundred (100) dollars; television sets for home use whose cash price does not exceed two hundred and fifty (250) dollars per unit, and electric irons for home use, are likewise exempted from attachment and execution.  32 L.P.R.A. § 1130(14).

In regards to the TV Set, contrary to the Chapter 7 Trustee's assertion, because the case at bar is a joint petition, each co-debtor is entitled to claim his/her own exemptions under 11 U.S.C. § 522(m). Consequently, the amount claimed per debtor for the TV Set does not exceed the limits

of the statute and is therefore allowed.

As to the stereo equipment ($100), DVD Player ($30) mobile phone ($75), computer ($100) and printer ($25), the Debtors aver that because exemptions must be liberally construed[3] and because these properties have "an intrinsic resemblance in their nature", these properties should be meant to be included in the exemption scheme" (Docket No. 26, p. 4, § (d)).

The court finds that the stereo equipment bears an intrinsic resemblance to the "radio receiving set whose cash price does not exceed one hundred (100) dollars" in 32 L.P.R.A. § 1130(14), and because each debtor is allowed to claim $100 pursuant to 11 U.S.C. § 522(m), it does not exceed the limits of the statute and is therefore allowed.

Notwithstanding, the remaining claimed exemptions, to wit, the DVD Player ($30), mobile phone ($75), computer ($100) and printer ($25), are not allowed or mentioned in Article 249(14) of Puerto Rico's Code of Civil Procedure nor do they have any "intrinsic resemblance in their nature" to the properties afforded in the statute. Thus, the exemptions claimed on those properties are denied.

*(H)    Exemptions Claimed on Wearing Apparel and Jewelry*

The Debtors claim as exempt personal clothes, shoes, jewelry and other apparel in the amount of $440 ($220 per co-debtor) under 32 L.P.R.A. § 1130(2). The Chapter 7 Trustee objects claiming that they "should be disallowed for the reason that the Debtors did not sufficiently detail the value of the group of items claimed" and furthermore, a jewelry exemption is not allowed in the statute (Docket No. 23, p. 5, § (f)). The Debtors reply that in the meetings of creditors they "testified regarding all the information submitted in the voluntary petition", and that the Chapter 7 Trustee "had the opportunity to investigate concerning Debtors' properties" and yet she did not (Docket No. 26, pp. 4-5, § (e)). Furthermore, they also sustain that under 32 L.P.R.A. § 1130(2), "the property is limitlessly exempted" and that "it is of no significance whether the property has been specifically detailed or not, it is completely exempted regardless" (Docket No. 26, p. 5, § (e)).

"According to some courts, a debtor may not hold any ornamental jewelry as 'wearing

---

[3] Debtors cite <u>Quiñones v. Gutierrez</u>, *supra*, to support that assertion.

apparel', but some exemptions have been allowed in this respect. A statute may explicitly provide that necessary wearing apparel does not include jewelry of any type other than wedding rings." 31 Am. Jur. 2d Exemptions § 135. To determine whether to classify "jewelry" as exempt "wearing apparel", courts may inquire whether the jewelry is properly characterized as ornamentation or a nonexempt substantial investment, as well as whether the jewelry has great sentimental value. In re Westhem, 642 F.2d 1139, 1140 (9th Cir. 1981) (holding that the engagement ring had acquired sentimental value and was not just another "expensive ornament"). Accordingly, exempt wearing apparel may include articles such as an engagement diamond ring or a watch. See In re Goldberg, 59 B.R. at 208 (holding that a watch was exempt from the estate as wearing apparel). To determine what is reasonably sufficient or of such value as to serve a need or purpose to come within a 'necessary and proper wearing apparel' exemption, a court must consider whether an item's value is more than the value of less expensive utilitarian items that would serve the same function. In re Lebovitz, 360 B.R. 612, 622 (B.A.P. 6th Cir. 2007); Los Angeles Finance Co. v. Flores, 110 Cal. App. 2d Supp. 850, 856 (1952) ("[t]he determination of whether or not a certain article is exempted in the hands of a debtor under the term "necessary wearing apparel" involves a determination of whether or not under all the circumstances that article is necessary to be worn by that debtor"). Thus, the jewelry's value may determine whether it is "necessary and proper" wearing apparel. In re Peterson, 280 B.R. 886, 890-891 (Bankr. S.D. Ala. 2001). The court may also determine whether or not a debtor's jewelry is necessary or proper wearing apparel for one's social, business, or professional engagements that are in keeping with the debtor's habits. In re Lebovitz, 360 B.R. at 620 ("it cannot be gainsaid that debtors require 'necessary and proper wearing apparel' to be employed and support their families. According to the definition of "necessaries" set forth by the Tennessee Supreme Court, debtors may need "necessary and proper wearing apparel" to attend social, business or professional engagements which are suitable to their "means, condition, and habits of life.") Other courts have also considered whether the items claimed as exempt were acquired and used as apparel, or as an investment. In re Mims, 49 B.R. 283, 288 (Bankr. E.D.N.C. 1985); In re Leech, 171 F. 622, 626 (6th Cir. 1909). "Jewelry and watches must be intended as wearing apparel and not retained principally to demonstrate that debtor has achieved a 'certain level

11

of wealth.'" In re Peterson, 280 B.R. at 890 (citations omitted). "When an item is solely designed to enhance prestige or status of its owner, then the item is not necessary and proper wearing apparel." In re Hendrick, 45 B.R. 965, 972 (Bankr. M.D. La. 1985).

Article 249(2) of Puerto Rico's Code of Civil Procedure provides as exempt the following:

> Necessary household, table and kitchen furniture belonging to the judgment debtor, including one sewing machine in actual use in the family, or belonging to a woman, and stove, furniture, beds, bedding and bedsteads, not exceeding in value two hundred (200) dollars, **wearing apparel**[4], hanging pictures, oil paintings and drawings, drawn or painted by any member of the family, and family portraits and their necessary frames, provisions actually provided for individual or family use sufficient for one month; one cow with her suckling calf, and one hog with her suckling pigs. 32 L.P.R.A. § 1130(2) (emphasis added).

Puerto Rico case law has not defined "wearing apparel" within the context of 32 L.P.R.A. § 1130(2). Notwithstanding, Article 249 of Puerto Rico's Code of Civil Procedure stems from Article 690 of California's Code of Civil Procedure[5], Cal. Code Civ. Proc. § 690, and Article 3542 of Idaho's Code of Civil Procedure[6]. See the annotations in 32 L.P.R.A. § 1130; Lamboglia v. Junta Escolar, 15 D.P.R. 318, 323 (1909) (adopting California's case law to interpret Article 249 of Puerto

---

[4] The Spanish version of 32 L.P.R.A. § 1130(2) provides as exempt "vestidos", which translates into English as "clothes", which does not imply jewelry or other wearing apparel. Notwithstanding, because Article 249(2) of Puerto Rico's Code of Civil Procedure finds its origin in Article 690 of California's Code of Civil Procedure and Article 3542 of Idaho's Code of Civil Procedure, infra, the court will analyze those statutes and jurisprudence to interpret Puerto Rico's. See Article 13 of Puerto Rico's Civil Code, 31 L.P.R.A. § 13 ("In case of discrepancy between the English and Spanish texts of a statute passed by the Legislative Assembly of Puerto Rico, the text in which the same originated in either house, shall prevail in the construction of said statute, except in the following cases: (a) If the statute is a translation or adaptation of a statute of the United States or of any State or Territory thereof, the English text shall be given preference over the Spanish.")

[5] Although Article 690 of California's Code of Civil Procedure was repealed in 1983, its old text is the one with the most resemblance to the current version of Article 249 of Puerto Rico's Code of Civil Procedure, which was enacted in 1904.

[6] Although the annotations in 32 L.P.R.A. § 1130 state that Article 249 of Puerto Rico's Code of Civil Procedure also derives from Article 3542 of Idaho's Code of Civil Procedure, this court could not find such statute. As of 1978, Idaho's personal property exemptions are governed by Idaho Code § 11-605 (Exemptions of personal property and disposable earnings subject to value limitations). Prior to that, Idaho's exemptions were governed by Section 6920 of Idaho's Code of Civil Procedure. See McMillan v. United States Fire Ins. Co., 48 Idaho 163 (1929). Current Idaho Code § 11-605(1)(b) exempts "to the extent of a value not exceeding seven hundred fifty dollars ($750) on any one (1) item of property and not to exceed a total value of seven thousand five hundred dollars ($7,500) ... [i]f reasonably held for the personal use of the individual or a dependent, wearing apparel, animals, books, and musical instruments".

Rico's Code of Civil Procedure).

Former Article 690(2) of California's Code of Civil Procedure exempted from execution or attachment "necessary household, table, and kitchen furniture belonging to the judgment debtor, including one sewing-machine, stove, stovepipes and furniture, wearing-apparel, beds, bedding and bedsteads, hanging pictures, oil-paintings and drawings drawn or painted by any member of the family, and family portraits and their necessary frames, provisions and fuel actually provided for individual or family use, sufficient for three months, and three cows and their suckling calves, four hogs and their suckling pigs, and food for such cows and hogs for one month; also one piano, one shotgun and one rifle." In re Estate of Millington, 63 Ca. App. 498, 500 (Court of Appeals California, 3rd App. Dist. 1923). In interpreting that exemption statute, the Court of Appeals for the Third Appellate District of California determined that the word "necessary" applied to "wearing apparel". Id. at 501. It further reasoned that:

> While no general rule can be drawn from the foregoing conflicting decisions, it may be said that they generally recognize that wearing apparel may include something more than mere clothing. In many of them the value of the article claimed has been given weight, and logically so; because it is neither usual nor appropriate for one who is unable to pay his debts to wear expensive ornaments, and such ornaments, therefore, are not considered "necessaries" in the sense in which the word is used in exemption statutes. Watches are so generally worn and considered necessities by persons of every financial condition that, under a liberal construction of section 690, it is reasonable to presume that the legislature intended to include them as necessary wearing apparel. The same may be said as to ornaments of a character and value generally worn by persons of small income or little property. It is not to be presumed, however, that the legislature intended to exempt expensive diamonds worn as mere ornaments. The purpose of exemption laws is to save debtors and their families from want, not to enable them to wear luxurious ornaments at the expense of their creditors. In re Estate of Millington, 63 Ca. App. at 504 (citations omitted).

Likewise, former Section 6920 of Idaho's Code of Civil Procedure[7] declared as exempt the "[n]ecessary household, table and kitchen furniture belonging to the judgment debtor, including one sewing machine in actual use in a family or belonging to a woman, stoves, stovepipe and stove furniture, beds, bedding and bedsteads, not exceeding in value $300; wearing apparel, hanging pictures, oil paintings and drawings, drawn or painted by any member of the family, and family portraits and their necessary frames; provisions actually provided for individual or family use

---

[7] See footnote 6, supra.

sufficient for six months; two cows with their sucking calves and two hogs with their sucking pigs." McMillan v. United States Fire Ins. Co., 48 Idaho at 167.

Although this court could not find Idaho case law interpreting the extent of the "wearing apparel" within the context of the repealed personal property exemption statute, current Idaho Code § 11-605(2) provides that "[a]n individual is entitled to exemption of jewelry, not exceeding one thousand dollars ($1,000) in aggregate value, if held for the personal use of the individual."

The court concludes that the phrase "wearing apparel" includes jewelry for the exemption afforded in Article 249 of Puerto Rico's Code of Civil Procedure, *supra*. Notwithstanding, because "wearing apparel" is subjected to the condition of "necessary", the court adopts the reasoning in In re Estate of Millington: "the word 'necessary' does not limit wearing apparel to that which is indispensable, but it is sufficiently flexible to include things which are usual and appropriate for the reasonable comfort and convenience of a debtor, although they may not be absolutely necessary for mere subsistence." 63 Ca. App. at 501. The court also adopts the reasoning in In re Peterson, 280 B.R. at 890-891, inasmuch as the jewelry's value may determine whether it is "necessary and proper" wearing apparel.

In the instant case, the Debtors have not described with specificity the jewelry they claim exempt nor its specific face value, for they accumulated the claimed $440 under "personal property, shows, clothes, jewelry and other apparel". See *Amended Schedule C*, Docket No. 25, p. 3. The Chapter 7 Trustee objects for lack of specificity and because jewelry is not an allowed exemption (Docket No. 23, p. 5). The court partially agrees with the Chapter 7 Trustee in that the Debtors' claimed exemption on jewelry does not provide sufficient information to determine their value nor if they are usual and appropriate for the reasonable comfort and convenience of a debtor. The value of the claimed jewelry is essential to determine the need or purpose of the property and whether the property is a "necessary and proper wearing apparel" under the scope of a less expensive utilitarian items that would serve the same function. In re Lebovitz, 360 B.R. at 622; Los Angeles Finance Co. v. Flores, 110 Cal. App. 2d Supp. at 856. Thus, an evidentiary hearing is necessary to establish the value of the claimed jewelry and to determine if it is necessary and proper. The same reasoning applies to the exemptions claimed on the Debtors' personal clothes and shoes.

*(I)    Interest in Undefined Benefit from Marriott San Juan Retirement Plan*

Although the Debtors initially claimed all their exemptions under Puerto Rico law (Docket No. 1, p. 17), they subsequently amended their *Schedule C* to claim an undefined benefit from Marriott San Juan Retirement Plan under the federal exemption scheme afforded in 11 U.S.C. § 522(b)(3)(C) (Docket No 25, p. 3).

All states, including Puerto Rico for bankruptcy purposes[8], have exemption laws that permit the retention of certain properties beyond the reach of an individual's creditor. See Hon. Nancy C. Dreher, Hon. Joan N. Feeney and Michael S. Stepan, Esq., Bankruptcy Law Manual, Volume 1 § 5:34 (2012-2), p. 987.  In fact, "[u]nder prior [bankruptcy] law, exemptions available to debtors in bankruptcy cases were determined entirely under non bankruptcy law" and "debtors were limited to the exemptions available in the state of their domicile".  Alan N. Resnick & Henry J. Sommer, 4-522 Collier on Bankruptcy ¶ 522.02 (16th ed. 2013) citing H.R. Rep. No. 595, 95th Cong., 1st Sess. 360 (1977).  Also see the Former Bankruptcy Act § 6 and Hon. Nancy C. Dreher, Hon. Joan N. Feeney and Michael S. Stepan, Esq., Bankruptcy Law Manual, Volume 1 § 5:34 (2012-2), p. 987. Currently, there is a "dual exemption scheme in Section 522, affording two exemption systems for debtors unless a state declines to permit the dual system by opting out of the federal bankruptcy exemption system."  Hon. Nancy C. Dreher, Hon. Joan N. Feeney and Michael S. Stepan, Esq., Bankruptcy Law Manual, Volume 1 § 5:34 (2012-2), p. 987, citing 11 U.S.C. § 522(b)(2). Also see In re Pérez Hernández, 473 B.R. 496, 499-500 (Bankr. D.P.R. 2012), subsequently abrogated on other grounds by In re Pérez Hernández, 487 B.R. 353 (Bankr. D.P.R. 2013).

Although Section 522(b)(1) of the Bankruptcy Code provides for the election of either federal or state exemptions, "the debtor still is not permitted to pick and choose several state law exemptions and several federal bankruptcy exemptions; the debtor must choose one scheme of exemptions." Hon. Nancy C. Dreher, Hon. Joan N. Feeney and Michael S. Stepan, Esq., Bankruptcy Law Manual, Volume 1 § 5:35 (2012-2), p. 990.  In other words, federal exemptions and state exemptions are generally mutually exclusive.  Furthermore, Section 522(b)(1) of the Bankruptcy

---

[8] See 11 U.S.C. § 101(52).

15

Code also mandates that even when a joint petition is filed by a husband and wife, "one debtor may not elect to exempt property [under state law] and the other debtor elect to exempt property [under federal law]. If the parties cannot agree on the alternative to be elected, they shall be deemed to elect [state law], where such election is permitted under the law of the jurisdiction where the case is filed." 11 U.S.C. § 522(b)(1).

Notwithstanding, even when a debtor chooses state and other nonbankruptcy exemptions, he/she may still claim nontaxable retirement funds under Section 522(b)(3)(C) of the Bankruptcy Code "to the extent that those funds are in a fund or account that is exempt from taxation under Section 401, 403, 408, 408A, 414, 414, 457 or 501(a) of the Internal Revenue Code of 1986." 11 U.S.C. § 522(b)(3)(C). Also see Hon. Nancy C. Dreher, Hon. Joan N. Feeney and Michael S. Stepan, Esq., Bankruptcy Law Manual, Volume 1 § 5:36 (2012-2), p. 991.

In the instant case, there is no evidence of compliance with Section 522(b)(3)(C) of the Bankruptcy Code nor have Debtors demonstrated that the fund or account where they keep the $1 claimed exemption is tax-exempted under the pertinent sections of the Internal Revenue Code, as mandated by 11 U.S.C. § 522(b)(3)(C). Consequently, an evidentiary hearing is warranted for Debtors' claimed exemption for their Interest in Undefined Benefit from Marriott San Juan Retirement Plan under 11 U.S.C. § 522(b)(3)(C).

*(J)* *The 1993 Nissan Pathfinder and 2005 Mitsubishi Montero*

The Debtors assert that although 32 L.P.R.A. § 1130(6) does not expressly exempt "motor vehicles", Puerto Rico's Supreme Court has ruled that a liberal construction of the statute must include motor vehicles like their 1993 Nissan Pathfinder and 2005 Mitsubishi Montero (Docket Nos. 25, p. 3, and 26, p. 5).

Article 249(3) of Puerto Rico's Code of Civil Procedure provides as exempt the following:

Two (2) oxen, two (2) horses, or two (2) mules, and their harness; and one cart, wagon, dray or truck by the use of which a cartman, drayman, truckman, huckster, peddler, hackman, teamster or other laborer habitually earns a living; and one horse with vehicle and harness, or other equipment used by a physician, surgeon or minister of the gospel, in making his professional visits, with food for such oxen, horses or mules for one month. 32 L.P.R.A. § 1130(6).

In Quiñones v. Gutierrez, *supra*, Puerto Rico's Supreme Court ruled that the word

"equipment" used in Article 249(3) of Puerto Rico's Code of Civil Procedure, *supra*, "following the idea of a liberal interpretation ... must refer to any other means by which a physician makes his rounds." 29 P.R.R. at 721, 29 D.P.R. at 775. It further found that "while [32 L.P.R.A. § 1130(6)] does not use 'or other vehicle' it does say 'or other equipment', and these words in their connection must mean automobile, because the one horse vehicle and harness described in the statute are already the equipment of a physician to attend to his patients." 29 P.R.R. at 723, 29 D.P.R. at 777.

Following the liberal interpretation of Puerto Rico exemption statutes established in Laguna v. Quiñones, *supra*, and the inclusion of automobiles under 32 L.P.R.A. § 1130(6) pursuant to Quiñones v. Gutierrez, *supra*, within the scope of the statute, the court finds that both automobiles (one for each co-debtor) are allowed as exempt as long as the Debtors demonstrate that the automobiles are essential to conduct their professional responsibilities, if any[9], which warrants an evidentiary hearing.

*(K)    The Homestead Exemption*

The Debtors claim a homestead exemption on their primary residence located at Jardines de Carolina I 37, Calle I, Carolina, PR 00987, consisting of a concrete house with 3 bedrooms and 1 bathroom (299 squared mts.) under the 2011 PR Home Protection Act. See *Amended Schedule C*, Docket No. 25, p. 3.

The Chapter 7 Trustee's objection to the homestead exemption is not at all clear. She alleges that in this case Articles 9 and 11 were not complied with pre-petition. "Articles 9 and 11 of the PR Home Protection Act distinguish between real properties that are registered at the Property Registry and those that are not. The methods for claiming the homestead exemption in both instances are different. In cases where the real property is registered at the Property Registry, Article 9 governs the procedure by which homestead is claimed. In cases where the real property is not registered at

---

[9] The Chapter 7 Trustee asserts, without making reference to any docket or document, that the Debtors are "retired and receiving retirement pensions" (Docket No. 23, p. 7). Notwithstanding, the Debtors have informed the court that co-debtor David Roman-Rivera is currently a sous-chef at Luxury Hotels International of PR (Hotel Ritz Carlton San Juan), where he has been working for the past 14 years, earning monthly gross wages in the amount of $3,992.73 as of the petition date, while his wife, co-debtor Madeline Quiñones-Colon, is a homemaker with no income (*Schedule I*, Docket No. 1, p. 25).

17

the Property Registry or where the declaration of homestead has not yet been recorded or annotated, Articles 11 and 12 will govern. ... If the real property is registered, [the debtor] must show pre-petition compliance with Article 9 of the 2011 PR Home Protection Act. If the real property is not registered, the debtor must submit with the bankruptcy petition the sworn statement required in Article 12 of the PR Home Protection Act, but instead of declaring that the real property was a principal residence before the service of process of foreclosure, [the debtor] must declare that the real property was his/her pre-petition principal residence." In re Pérez Hernández, 487 B.R. at 368. The Chapter 7 Trustee does not state whether or not the Debtors' real property in this case is or not registered at the Puerto Rico Property Registry even though she carries the burden to do so under Fed. R. Bankr. P. 4003(c).

The Debtors aver that their real property is registered at the Puerto Rico Property Registry but not to their names, and that they executed a public deed no. 6 before Notary Public Luis R. Nuñez Martinez (the "Homestead Deed") to have their homestead right registered at the Property Registry on November 5, 2012, that is, five days prior to filing their bankruptcy petition on November 9, 2012. See Docket Nos. 1 and 26, p. 6. There is no evidence in the record as to whether or not the Debtors actually filed that the Homestead Deed before the Property Registry pre or post petition, if at all, nor to whose name the real property is currently registered nor any explanation whatsoever as to why the Debtors did not correct or update the registration of their primary residence before filing for bankruptcy. Therefore, an evidentiary hearing is warranted to determine the allowance of the homestead exemption claimed by the Debtors.

Conclusion

In view of the foregoing, the court allows the Debtors' claimed exemptions on the stove, kitchen utensils, dinnerware and cookware under 32 L.P.R.A. § 1130(14) up to the amount of $200 for each co-debtor, for a total of $400. In addition, the court finds that the exemptions claimed on the living room set, chests or nightstands are reasonable within the "necessary" scope required in 32 L.P.R.A. § 1130(2) and are therefore allowed. Also allowed are the exemptions claimed on the dining room set, tables and chairs under 32 L.P.R.A § 1130(1), and the exemptions claimed on the TV Set and the stereo equipment under 32 L.P.R.A. § 1130(14).

The court denies the exemptions claimed on the DVD Player, mobile phone, computer and printer under 32 L.P.R.A. § 113(14).

The remaining claimed exemptions on wearing apparel, jewelry, automobiles, homestead and the interest in undefined benefit from Mariott San Juan Retirement Plan are scheduled for an evidentiary hearing to be held on September 17, 2013 at 2:00 p.m. Five (5) days prior to the hearing each party shall file proposed findings of fact and conclusions of law. Each finding of fact shall make reference to either a document to be substantial as exhibits, or a witness.

SO ORDERED.

In San Juan, Puerto Rico, this 10th day of June, 2013.

Enrique S. Lamoutte
United States Bankruptcy Judge

19