IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                                         CASE NO.: 12-09036-ESL

ROMAN RIVERA, DAVID                           CHAPTER 7
QUINONES-COLON, MADELINE
   Debtors.
_____/

**TRUSTEE'S OBJECTION TO THE AMENDED CLAIMED EXEMPTIONS**

**TO THE HONORABLE COURT:**

COMES NOW, the Trustee, Noreen Wiscovitch-Rentas, and respectfully objects to the Debtors' Claimed Exemptions as requested in Schedule C, and in support, states:

1. The Debtors filed a voluntary Chapter 7 Petition under the Bankruptcy Code on November 9, 2012. The undersigned is the duly appointed and qualified Chapter 7 Trustee.

2. The 341 Meeting of Creditors was held on December 13, 2012.

3. The Debtor's have amended their claimed exemptions and the Court granted until December 23, 2013 for the Trustee to object to the same. The Trustee had previously objected to Debtors' claimed exemptions which were partially disposed by this Court's Opinion and Order, *See* Dkt. No. 39.

4. The Debtors claimed the following property listed in Schedule A and B as exempt under state law:

1

| Property | Law | Amount Claimed exempt |
|---|---|---|
| PRIMARY RESIDENCE- JARDINES DE CAROLINA I 37 CALLE I, CAROLINA, PR 00987- Concrete house, 3 bedrooms and 1 bathrooms, 299 SQ Mts. Debtor Claims Possesory Interest over Property, although interest claimed is fee simple, in the property registry in the name of Justina Carrasco Rohena, See attached hereto Title Search | 31 P.R.L.A. §§ 385(a), 1851- 1857 LEY 257 DEL 15 DE SEPTIEMBRE DE 2012 AMENDMENT OF LEY 195 DE 2011 KNOWN AS " Ley del derecho a la Protección del Hogar Principal y el Hogar Familiar" | $130,000.00 |
| 1993 NISSAN PATHFINDER MILEAGE:102,678 | 32 P.R.L.A. §1130(6) | $897.00 |
| | **Total** | $130,897.00 |

### I- Basis for Objection:

5. The Trustee objects to the following property being claimed exempt, for the reasons stated herein:

    a. **Residence**- Debtor's equity in the realty amounts to approximately, $130,000.00. There is no mortgage on the realty. The realty is not in Debtor's name at the time of filing the Petition. *See* Amended Schedule C. Dkt. No. 34. It is unclear why the property is not in Debtor's name. Although Amended Schedule A refers to the Title Seach, the same is in Spanish. *See* Dkt. No. 34. The same title search shows a

2

that a purchase and sales contract was at one point in time pending for recording by an individual with the name of Antonio Jose Cruz Bonilla, as seller, and Madeline Quinones Colon as buyer. This document was withdrawn. It also was withdrawn a mortgage in favor of former RG Bank, now Scotiabank. Pre-Petition, on November 5, 2012, the Debtors subscribed a "Notarial Act" to annotate in the margin of the Registry Books their claim of Homestead. The Act is also attached to Dkt. No. 34, but also in Spanish. However, this Act cannot be recorded as it does not have "Tracto" or track in the Registry.

The Trustee objects to the claim exemption because under Section 544(a) "The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by – (1) a creditor that extends credit to the debtor at the time of commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exist".

3

The Trustee maybe able to record the Sales and Purchase contract in this case after contacting the notary and correcting any error in the in the Purchase and Sales Deed, which would place the property in co-Debtor's name. As such, the Trustee will be able to sell the property. Debtors may not annotate their Homestead Deed, as they could not be recorded at the time of filing the Petition, due to the lack of Tracto or track.

b. **1993 Nissan Pathfinder**

The Debtors claim this vehicle exempt under 32 P.R.L.A. § 1130 (6) which prays:

> Two (2) oxen, two (2) horses, or two (2) mules, and their harness; and one cart, wagon, dray or truck by the use of which a cartman, drayman, truckman, huckster, peddler, hackman, teamster or other laborer habitually earns a living; and one horse with vehicle and harness, or other equipment used by a physician, surgeon or minister of the gospel, in making his professional visits, with food for such oxen, horses or mules for one month.

Nowhere in this subchapter does it mention exemptions relevant to motor vehicles. The correct sub section should be 32 P.R.L.A. § 1130 (4a), none the less the Debtors have yet to prove that the vehicle is "essential to conduct their professional responsibilities, if any". *See* Dkt. No. 30 Page 17, Line 11. The Trustee understands that the key word in the Court's Opinion and Order regarding the exemption over

4

motor vehicles is whether the Debtors use the vehicle for professional responsibilities.

One definition of Professional is located in an Opinion of Puerto Rico Secretary of Justice No. 1928-135, February 6, 1928, which we provide our translation:

"All person, being citizen of the United States, 21 years or older and resident of Puerto Rico for more than five consecutive years, whom possess a diploma of doctor, dentist, veterinarian, minor surgeon, pharmacist, attorney, o of any other trade or mechanical art, which pre-requires in Puerto Rico the examination and licensing … "   The same Opinion goes on describing that the word Profession is used to designation professions more "learned " (Translation of the Spanish word "docta".)

It is the Trustee's position that Debtors used of the motor vehicle is not for a "profession" as required under the Civil Code in  32 P.R.L.A. § 1130 (4a).  Therefore, the Debtors should turnover to the Trustee for administration the 1993 Nissan Pathfinder or pay its value to the Estate.

WHEREFORE, the Trustee respectfully requests for the reasons stated above, that this objection to claimed exemptions be sustained and the above mentioned real and personal property or its value should be turned over to the Trustee for administration in benefit of creditors.

5

I HEREBY CERTIFIED that a true and correct copy of the foregoing was sent to all parties subscribed to CM/ECF system, to the Debtor by regular mail to their address of record and their counsel, Jesus Enrique Batista Sanchez at jesusmb1@yahoo.com, this 23rd day of December, 2013.

/s/ NOREEN WISCOVITCH RENTAS
NOREEN WISCOVITCH RENTAS
CHAPTER 7 TRUSTEE
PMB 136
400 Kalaf Street
San Juan, PR 00918
Tel. 787-946-0132
Fax: 787-946-0133
Email: noreen@nwr-law.com

6